IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,173-01 TO -04






EX PARTE RENE GERARDO DE LEON, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 18,113 TO 18,116 IN THE 341ST DISTRICT COURT


FROM WEBB COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and three counts of murder and sentenced to life imprisonment. The 4th
Court of Appeals affirmed his convictions. De Leon v. State, Nos. 04-03-365-CR to 04-03-368-CR
(Tex. App. - San Antonio, delivered December 15, 2004, pets. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance, including allegations
that counsel failed to object to admission of hearsay concerning incriminating statements by Pedro
Martinez and Carlos Garza, and concerning testimony that Applicant had threatened the wife of the
investigating officer, Chief Dovalina. The trial court has entered findings of fact as to some of
Applicant's allegations, and has concluded that Applicant has not demonstrated that counsel was
ineffective, but has made no findings specific to allegations that counsel failed to object to
inadmissible hearsay.

 Applicant has alleged facts that, if true, might entitle him to relief, and no affidavits have
been submitted which refute Applicant's allegations, nor has any hearing been conducted. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), including obtaining an
affidavit from counsel, conducting an evidentiary hearing, or supplementing the record with relevant
portions of the reporter's record for Applicant's trial. In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make supplemental findings of fact as to whether counsel objected to the
admission of Chief Dovalina's testimony concerning statements of Martinez and Garza or
concerning threats made to Dovalina's wife, (1) whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 18, 2006

Do not publish

1. The opinion on Applicant's appeals indicates such testimony was admitted into
evidence.